# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TINA TURNER and JAMES GARNER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 14-cv-9880 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| M.B. FINANCIAL BANK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' motion [133] for reconsideration of the Court's October 3, 2017 order dismissing all but one of the claims in Plaintiffs' third amended complaint. For the reasons set forth below, the motion [133] is denied. This case is set for further status on May 8, 2018, at 9:00 a.m.

**I.     Background**

Plaintiffs Tina Turner and James Garner lived next to a local branch of M.B. Financial Bank, located near Sherman Park in Chicago, Illinois. [86, ¶¶ 11, 12.] M.B. Financial "contracted with Digby's Detective & Security Agency, Inc." ("Digby") to provide "armed security guard services" for its branches, and Digby stationed Andre Lamb as a security guard at the Sherman Park branch on October 30, 2013. *Id.* ¶¶ 8, 13. At approximately noon that day, Plaintiff Turner was approached by Defendant Lamb while Plaintiff was in the alley between her home and the bank branch. *Id.* ¶ 10. Plaintiffs allege that Defendant Lamb "ran off Bank property and into the alley and aimed a gun at Turner's head, shouting, 'Don't you f*cking move or I'll blow your brains out.'" *Id.* ¶ 14. Defendant Lamb then grabbed Turner; dragged her by the arms and body out of the alley "toward the public sidewalk"; yelled, "I'm taking you inside

the Bank"; "violently attacked" Turner on the ground; "and pulled her arms behind her back to restrain her." *Id.* ¶¶ 16, 17. During these events, Plaintiff Garner allegedly walked outside the house and yelled at Defendant Lamb to release Turner. *Id.* ¶ 18. Defendant Lamb then "slammed Turner to the ground and used his fully body weight to restrain Turner" as Bank employees watched. *Id.* ¶¶ 19, 20.

"Several minutes later," an unidentified "White-Shirt Officer" arrived and then "violently jerked Turner's arms backwards and yelled at her to 'get up.'" [86, ¶¶ 22–25.] Turner alleges that she did not resist—indeed, she could not resist because Defendant Lamb was still "sitting on her." *Id.* ¶ 28. "The White-Shirt Officer then handcuffed Turner's hands behind her back," and Defendant Lamb got up from sitting on her. *Id.* ¶ 30. Defendants Officer V. L. Wathen, Officer E.E. Kujawa, and other officers "arrived on the scene during the course of the struggle." *Id.* ¶ 31. Turner complained that she needed medical attention, but was placed in a patrol car for 30 minutes. *Id.* ¶ 32. She was ultimately taken to a hospital and released back into police custody, after which she was charged with misdemeanor offenses, including battery and littering. *Id.* ¶ 34. Eventually, these charges were dismissed. *Id.* Plaintiffs contend that these actions were taken in retaliation for unrelated lawsuit that Plaintiffs had filed against the City of Chicago, several officers, and M.B. Financial nearly a year earlier. *Id.* ¶¶ 35–36.

Based on these events, Plaintiffs filed this lawsuit in December 2014. Plaintiffs proceeded on their own for more than a year. After an arrangement with prospective counsel fell through [see 60], Plaintiffs filed a motion for recruitment of counsel in March 2016. The Court granted the motion, and through counsel Plaintiffs filed a third amended complaint in November 2016 asserting thirteen claims against eight defendants, including the City of Chicago. [86.] Plaintiffs brought claims under 42 U.S.C. § 1983 for excessive force, false arrest, and

conspiracy, as well as state law claims for malicious prosecution, assault and battery, intentional infliction of emotional distress, respondeat superior, and indemnification. The first time that Plaintiffs identified Defendants Lamb and Officers Wathen and Kujawa by name was the third amended complaint, filed on November 16, 2016 [86].

After all Defendants moved to dismiss Plaintiffs' third amended complaint, the Court dismissed all but one of Plaintiffs' claims—an excessive force claim against the City of Chicago under *Monell v. Department of Social Services of City of New York*, 536 U.S. 658, 694 (1978). The Court dismissed Counts I-IX as time-barred against the police officer Defendants and Defendant Lamb, as Plaintiffs failed to identify these Defendants by name before the statute of limitations on Plaintiff's claims against these Defendants expired and Plaintiffs failed to show that they acted with the diligence necessary to invoke equitable tolling. Because Count XII (against Digby), Count XIII (against M.B. Financial Bank), and Counts X and XI (against the City of Chicago) were contingent on these time-barred claims, the Court dismissed these claims as well. That left Plaintiffs' two § 1983 claims. Because Count II did not describe any of "the City's policies and practices" regarding false arrests and there were no specific allegations regarding these specific policies and practices anywhere else in the complaint, the Court concluded that Count II was not viable under *Monell*, 536 U.S. at 694, and dismissed the claim. Before the Court is Plaintiffs' motion [133] for reconsideration of the Court's October 3, 2017 decision dismissing all but one of Plaintiffs' claims.

II.     **Legal Standard**

Plaintiffs bring their motion for reconsideration under Federal Rule of Civil Procedure 59. However, because there has not yet been a final judgment in this case, Rule 54(b) governs Plaintiffs' motion for reconsideration. Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see also *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice." See *Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted).

Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Ghashiyah*, 2008 WL 680203, at *3. The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller*, 683 F.3d at 813 (citation and internal quotation marks omitted). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). Additionally, "'manifest error' is not demonstrated by the

disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances." *Id*. (citing C*aisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

### III. Analysis

In moving for reconsideration, Plaintiffs do not argue that the Court erred in concluding that their claims against the police officer Defendants and Defendant Lamb would be barred by the statute of limitations absent the application of equitable tolling. Nor do Plaintiffs argue that the Court erred in concluding that Count XII (against Digby), Count XIII (against M.B. Financial), and Counts X and XI (against the City of Chicago) should be dismissed if the underlying claims against the police officer Defendants and Defendant Lamb are dismissed.

Instead, Plaintiffs appear to be arguing that the Court should reconsider its October 3, 2017 decision because Plaintiffs "have been repeatedly subjected to injustice by Defendants before and or while this case has been pending * * *, making it virtually impossible for Plaintiffs to prove their case." [133, at 1.] In support of this argument, Plaintiffs cite to failed settlement discussions, dissatisfaction with recruited counsel, and documents from 2004 to 2016 that Plaintiffs contend demonstrate that Defendants harassed them. However, all of the facts and evidence relied upon by Plaintiffs either were cited in their response to Defendants' motions to dismiss or could have been.[1] Plaintiffs are not entitled to reconsideration based on evidence that

---

[1] Plaintiffs filed their response to Defendants' motions to dismiss on May 26, 2017. [See 113.] Plaintiffs' motion for reconsideration relies on evidence from 2004 through 2016. [See 133, at 2-3.] Furthermore, there is no indication that Plaintiffs were unaware of this evidence at the time they filed their response.

5

was available earlier. *Miller*, 683 F.3d at 813; *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments." (quoting *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269); *Oto*, 224 F.3d at 606 (affirming the denial of the plaintiff's motions to reconsider because the plaintiff's motions did little more than rehash old arguments).

Plaintiffs also fail to show that they are entitled to reconsideration based on a manifest error of law or fact. Plaintiffs have not cited to any cases or authority and have not argued that the Court disregarded, misapplied, or failed to recognize controlling precedent. Plaintiffs therefore are not entitled to reconsideration on the basis of manifest error. *Oto*, 224 F.3d at 606.

Finally, Plaintiffs fail to show that the Court previously misunderstood their arguments. In their motion for reconsideration, Plaintiffs appear to be arguing that the statute of limitations on their claims should be equitably tolled because Defendants "made it virtually impossible for Plaintiffs to prove their case." [133, at 1.] However, the Court did not dismiss Plaintiffs' claims because Plaintiffs failed to prove their case. Rather, the Court concluded that Plaintiffs were not entitled to equitable tolling of their claims because they did not provide any "explanation as to how they exercised 'all due diligence' to obtain the names of their arresting officers and Defendant Lamb." [123, at 9.] Plaintiffs did "not disclose anything they did to learn the names of these Defendants before they were appointed lawyers." *Id.* Nor did Plaintiffs "explain why it took almost eight months to file a new complaint naming [the proper Defendants] after they received counsel." *Id.* at 10. In their motion for reconsideration, Plaintiffs do not explain how the Court misunderstood any of their arguments with respect to the Court's conclusion that they failed to exercise the requisite due diligence.

**IV.    Conclusion**

For the foregoing reasons, Plaintiffs' motion [133] for reconsideration of the Court's October 3, 2017 order is denied.  This case is set for further status on May 8, 2018, at 9:00 a.m.


Dated: April 23, 2018
_____
Robert M. Dow, Jr.
United States District Judge